HENRY A. WISBEY *vs.* ALAN SHEPARD & CO., INC., & others.

Suffolk.   December 13, 1928. — June 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Stockbroker. Agency,* Fidelity of agent. *Contract,* Repudiation, Rescission. *Equity Pleading and Practice,* Bill, Waiver of defect in pleading, Appeal. *Waiver. Election.*

A stockbroker agreed with a customer to sell for him certain shares of stock in a corporation at a certain price and to buy from the proceeds shares in another corporation at a certain price; and also agreed to buy for the customer further shares in the second corporation at that price with money lent by him to the customer, who was to repay the loan when he requested delivery. The stockbroker in such transactions was to act as broker for the customer. The stockbroker then himself bought the shares in the first corporation and sold them at a profit, which he retained; and himself sold "short" to the customer the shares in the second corporation. Upon a decline in the market price of those shares, he demanded an additional deposit of the customer, which was refused, and thereupon sold them at a price less than that agreed upon. The customer never paid for nor offered to pay for the shares in the second corporation, nor did he demand delivery of them. Ten days after the customer learned of the real doings of the stockbroker, he commenced a suit in equity seeking an adjudication that the defendant wrongfully had appropriated the shares in the first corporation; that the defendant be ordered to account therefor; and that the transactions in the shares in the second corporation be set aside. *Held,* that

(1) The defendant had no right, as a principal, to buy from or sell to the plaintiff;

(2) The plaintiff was entitled to rescind the sale of the shares in the first corporation and recover their value from the defendant as of the day of his agreement with the defendant;

(3) The filing of the bill in the circumstances was a sufficient repudiation by the plaintiff, and was done within a reasonable time;

(4) In view of the prayers of the bill, a contention by the defendant, that the plaintiff had elected to proceed only with regard to the transactions in the shares of the second corporation, was without merit;

(5) The plaintiff was not barred of his right to maintain the suit as to the shares of the second corporation by his failure to pay for, to

offer to pay for or to demand delivery of those shares: he had repudiated any claim to them.

Where there had been in a suit in equity a full hearing before a master as to a certain issue without objection at the hearing or exception to the master's report relative to the sufficiency of the pleadings to present that issue, the insufficiency, if any, of the pleadings in that respect was waived and was not open in this court upon appeals taken from orders denying a motion to recommit, allowing a motion to confirm the master's report, and from a final decree.

BILL IN EQUITY, filed in the Superior Court on October 20, 1927.

The bill and material facts, found by a master to whom the suit was referred, are described in the opinion. The suit was heard upon the master's report by *Bishop,* J., who denied a motion by the defendant to recommit the suit to the master, allowed a motion by the plaintiff to confirm the master's report and ruled that the plaintiff was entitled to avoid the sale of the sixty-five shares of Lowell Electric Light Corporation stock and to recover their value as of the date of the sale. By order of the judge, a final decree was entered directing the defendant to pay to the plaintiff the sum of $4,197.50, with interest and costs. The defendant appealed from the interlocutory orders and the final decree.

*W. R. Bigelow,* for the defendant Alan Shepard & Co., Inc.

*J. M. Raymond,* for the plaintiff.

WAIT, J.  This case is controlled in principle by *Hall* v. *Paine,* 224 Mass. 62, and 230 Mass. 62; in which it was decided that one who is dealt with as a broker is not at liberty, as a principal, either to buy or to sell directly to the customer stocks which he is directed, as a broker, to sell or buy for him; and that, on discovering that the broker has so dealt, the customer may repudiate the transaction and recover what he has paid with interest.

In the bill, filed October 20, 1927, the plaintiff in substance alleged that, induced by the defendant Alan Shepard & Co., Inc., on January 24, 1927, he delivered to it sixty-five shares of Lowell Electric Light corporation stock to sell

at "market" or $64 per share as a broker for him, and, as a broker, to purchase for him from the proceeds certain shares of the Beecher Falls Company, Inc., class A stock at $40 per share; that on January 25, he authorized the purchase of two hundred shares more of the class A stock at $40 per share with money loaned by the defendant at five per cent per annum and to be paid for by the plaintiff when delivery was requested; that it advised him that it had made such sale on January 24 and had purchased for him one hundred four shares of class A stock with the proceeds, and had purchased for him on January 25 two hundred shares of said class A stock through such loan; that on September 10, 1927, it demanded $3,000 additional deposit to prevent immediate sale of the stock, and, on his protest that it had no such authority, advised him that it had sold substantially all said class A stock at $27 a share. The bill alleged further that the representations as to the market for class A stock were false and fraudulent; that in fact the defendant had never executed the orders for the class A stock or, if it had executed them, had done so in pursuance of a fraudulent scheme to induce him to purchase, to open an unauthorized margin account in his name, to create a false market by purchases and sales by people connected with it or acting in accord with its desires, and wrongfully to sell out his account in accordance with such false market so created. He prayed a decree that it had wrongfully appropriated the electric light stock and an account thereof; that the transaction in the class A stock be set aside and annulled as fraudulent; an order for payment of sums found due, and for further relief.

A master found, among other things, that the defendant had itself bought the electric stock at 64 and sold it the next day for 64.50, keeping the profit; and had itself sold short to the plaintiff the three hundred four shares of class A stock. He further found that the plaintiff had never ratified such action, had not known of it until October 10, 1927, and had never received nor accepted any benefit from the transaction. These findings are enough to sustain the ruling and order for

decree, made June 20, 1928, that the plaintiff was entitled to avoid the sale of Lowell Electric Light corporation stock and to recover its value as of January 24, 1927; and the final decree based thereon.

We think that filing the bill ten days after first having knowledge of the real doings of the defendant is a sufficient repudiation, in reasonable time, to enable the plaintiff to assert his right to repudiate; and that the first prayer in the bill is enough to defeat the contention that the plaintiff has elected to proceed only for the alleged fraudulent action in regard to the class A stock. Clearly the plaintiff is not precluded by failing to offer to pay for the class A stock or to demand its delivery. He repudiates any right to the stock.

No objection to the sufficiency of the pleadings to present the issue here discussed appears to have been taken at the hearings before the master and the Superior Court. No exception to the report was taken upon this ground. Both the report and the decree indicate that the issue was considered. After full hearing of the merits, we think the defect, if any, which could have been cured by slight amendment based upon facts disclosed at the hearing, must be treated as waived, and it is not open at this stage of the proceedings.

It is not necessary to discuss the other contentions of the defendant based upon other parts of the report. The refusal to recommit the master's report for additional statements of evidence which does not touch this decisive element is immaterial; and so is the decree overruling the exceptions to the report. We do not mean to imply that there was error therein.

*Decree affirmed with costs.*